# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MANDRIEZ SPIVEY,**  *Plaintiff,*  v.  **Clerk of Court ERICA WOODFORD,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.** **5:22-cv-00066-TES** |

## ORDER

Plaintiff Mandriez Spivey moves for appointment of counsel, presumably under 28 U.S.C. § 1915(e)(1). *See* [Doc. 3]. Upon review, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. 3] pursuant to the holding set forth in *Beasley v. United States*, 852 F. App'x 520 (11th Cir. 2021). It includes the relevant standard with respect to appointments of counsel in civil cases.

> A plaintiff in a civil case has no constitutional right to counsel, and while the court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision and should do so only in exceptional circumstances. [*Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)]. Exceptional circumstances include the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation marks omitted, alteration in original). The key is whether the *pro se* litigant needs help in presenting the merits of his position to the court. *Id.*

*Beasley*, 852 F. App'x at 521. Plaintiff alleges that he requires assistance of counsel in this action because "[he] was found incompetent by a federal judge[.]" [Doc. 3, p. 1]. However, Plaintiff has failed to show any sort of nexus between his incompetency and his ability to articulate the claims alleged in this action. Furthermore, to the extent that Plaintiff believes himself to be unable to properly pursue his claims due to a mental handicap, the Court finds that his appearances in other litigations undercut such a belief. *See, e.g.*, Complaint, *Spivey v. Warden Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Jan. 27, 2022), ECF No. 5 (recasting his complaint to state that he has "no prior mental health issue," has never been "diagnosed with a mental health issue," and has never "been evaluated by any mental health team"); *see* Complaint, *Spivey v. Unknown Warden*, No. 5:21-cv-00398-TES (M.D. Ga. Nov. 8, 2021), ECF No. 1 (filing an action wherein he requests that any findings related to "mental health [issues] be removed from [his] records").

It is common for *pro se* litigants to file and prosecute civil rights actions on their own. While the appointment of counsel may be beneficial, the facts and legal arguments involved in this matter are not so novel and complex to require the assistance of an attorney, notwithstanding the fact that Plaintiff asserts (without anything more) that he was found to be "incompetent."

Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. 3].

**SO ORDERED**, this 21st day of March, 2022.

s/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**