**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MANDRIEZ SPIVEY,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:22-cv-00066-TES** |
| **Clerk of Court ERICA WOODFORD,** *et al.,* | |
| *Defendants.* | |

**ORDER TO FILE RECAST COMPLAINT**

On February 16, 2022, the Court ordered *pro se* Plaintiff Mandriez Spivey to recast his Complaint [Doc. 1] by March 2, 2022. [Doc. 4, pp. 5–7]. In that Order [Doc. 4], the Court gave Mr. Spivey specific instructions to guide and assist him in drafting his allegations for inclusion into his recast complaint so that his pleading wouldn't resemble an "impermissible shotgun pleading." [*Id.* at pp. 5–6]. Instead of doing what the Court ordered, Mr. Spivey filed two documents: one entitled "Amendments" (through which he seeks to add defendants and some additional allegations) and the other entitled "Objections and Amendments." [Doc. 5]; [Doc. 6]. Now, thanks to Mr. Spivey's failure to follow the Court's previous Order, there are three filings in this case that set forth allegations against various defendants. [Doc. 1]; [Doc. 5]; [Doc. 6]. This Order addresses these filings and warns Mr. Spivey of the possibility of sanctions that

may be imposed on him should he continue to fail to adhere to the Court's orders and instructions.

### A.    <u>Procedural Background</u>

To say that the Court's patience with Mr. Spivey is wearing thin would be an understatement. This lawsuit (filed on February 8, 2022) is the third deficiently pled lawsuit the undersigned has dealt with since November 2021. In the other two lawsuits, the Court also had to order Mr. Spivey to reassert his allegations in recast complaints. *See* Order, *Spivey v. Warden*, No. 5:21-cv-00398-TES (M.D. Ga. Nov. 9, 2021), ECF No. 4; *see also* Order, *Spivey v. Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Jan. 10, 2022), ECF No. 3.

In *Spivey v. Humphrey*, Mr. Spivey filed a recast complaint on January 27, 2022, that properly streamlined his allegations against the defendants named in that case.[1] On February 23, 2022, after screening that recast complaint, the Court directed service on the defendants against whom Mr. Spivey properly asserted claims.[2] Clearly, Mr. Spivey knows how to draft a complaint that comports with Rule 8 of the Federal Rules of Civil Procedure, he just chooses to be difficult.[3]

---

[1] Recast Complaint, *Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Jan. 27, 2022), ECF No. 5.

[2] Order, *Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Feb. 23, 2022), ECF No. 6; Order Directing Service, *Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Feb. 23, 2022), ECF No. 7.

[3] *See, e.g.*, Order, *Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Jan. 10, 2022), ECF. No. 3, p. 7; *see generally* Recast Complaint, *Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Jan. 27, 2022), ECF No. 5.

At least *twice* now, the Court has told Mr. Spivey how to structure a rule-compliant pleading. Yet, at the time he filed the Complaint in this case, he, not surprisingly, failed to comply with the pleading standards required by the Federal Rules of Civil Procedure. [Doc. 1]. So, with deference to the liberal pleading standards afforded to *pro se* litigants in the Eleventh Circuit, the Court, as mentioned above, ordered Mr. Spivey to file a recast complaint so that his claims could be streamlined into one single document—not three. [Doc. 4].

If the Court construed the "Amendments" filing and the "Objections and Amendments" filing from February 18, 2022, and February 28, 2022, respectively, as requests for leave to amend and granted leave pursuant to Federal Rule of Civil Procedure 15(a)(2), Mr. Spivey's allegations in this case would only consist of what he sets forth in the "Amendments and Objections" filing because it is the last in time. *See* [Doc. 6]. Once again, the Court reminds Mr. Spivey that amended pleadings supersede his earlier pleadings. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). "[T]he original pleading is abandoned by the amendment[,] and it is no longer a part of the pleader's averments against his adversary." *Id.* In other words, the allegations Mr. Spivey included in his Complaint against Defendants Erica Woodford, Denise McGhee, Anita Reynolds, and Massengale, as well as the allegations made against the defendants he sought to add via the "Amendments" filing would no longer be a part of this case. *See* [Doc. 1, pp. 2, 4]. If the Court were to enforce normal

amendment rules, Mr. Spivey's operative complaint would be strictly limited to what he submitted in the "Objections and Amendments" filing. [Doc. 6]. Clearly, that is not what Mr. Spivey intended to accomplish via the "Amendments" and "Amendments and Objections" filings. Therefore, the Court will review each filing—the "Amendments" and the "Amendments and Objections"—and determine whether Mr. Spivey can include the allegations from them in his recast complaint.

This tangled procedural conundrum is exactly the sort of mess the Court tried to avoid when it provided Mr. Spivey—three times now—detailed instructions on how to draft proper complaints. Procedurally complicated records like this one only underscore why it is imperative that *pro se* litigants, like Mr. Spivey, follow a court's orders. There should be no doubt that the Court's previous guidance and instructions were intended *to help* Mr. Spivey draft a recast complaint. That said, however, the Court stresses that it will not act as counsel for him and pull the allegations from his Complaint, the "Amendments" filing, and the "Amendments and Objections" filing into one single pleading on his behalf. *See* [Doc. 4, p. 3 (citing *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008))]. That task is Mr. Spivey's responsibility. Mr. Spivey's defendants are entitled to a complaint that gives them fair notice of what his claims are and the grounds upon which they rest, and the Court will ensure that they have one. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

After weeding through the three relevant filings at issue, the Court will give Mr. Spivey one final opportunity to assert the allegations that may support cognizable claims into *a single document*—one recast complaint. The Court will not accept Mr. Spivey's practice of having multiple documents in a lawsuit that could be considered "pleadings." *See* Fed. R. Civ. P. 7. If Mr. Spivey wants to continue with this lawsuit, he must file a document entitled "Recast Complaint" consistent with the Court's ruling in this Order.

Below is the Court's understanding of Mr. Spivey's allegations. To the extent this account is not what Mr. Spivey intends to claim, he must use his final opportunity to file a recast complaint to correct the Court's interpretations of his allegations.

**B.**     **Mr. Spivey's Allegations**

1.     **Complaint [Doc. 1]**: In his Complaint, Mr. Spivey alleges that "[o]n multiple dates [he has] tried to process habeas corpus [petitions], protective orders[,] and child legitimation [paperwork]" in the Superior Court of Bibb County, Georgia.[4] [Doc. 1, pp. 2, 4]. He claims that he was not only "stop[ped] from" filing these things but that someone also refused to give him forms. [*Id.* at p. 4]. What kind of forms? Mr. Spivey doesn't say.[5] But more importantly, Mr. Spivey doesn't state *when* these

---

[4] To the best of his ability, Mr. Spivey will need to provide these dates in his recast complaint.

[5] Mr. Spivey says that there are "additional pages attach[ed]," but the Court only received his five-page Complaint for docketing on February 8, 2022. [Doc. 1].

allegations occurred or *who* refused to give him forms or stopped him from filing his habeas petition, his protective order,[6] or his child legitimation paperwork. Was it Defendant Erica Woodford? Defendant Denise McGee? Defendant Massengale? [*Id.* at p. 2]. Or some combination of all three?

These are the only discernable allegations Mr. Spivey makes in his Complaint. The only other allegation he makes is about some "failure to investigate," but that's all he says. *See, e.g.,* [Doc. 4, pp. 4–5]. Lastly, Mr. Spivey names the District Attorney for the Macon Judicial Circuit, Anita Reynolds, as a defendant, but he fails to connect her to any factual allegation. [Doc. 1, p. 2].

> **2.    Amendments [Doc. 5]**: In the filing entitled "Amendments," Mr. Spivey seeks to add Deedra Slaughter, Emmitt Spivey, Dorothy Spivey, Kersha Taylor, Bibb County Sheriff David Davis, and District Attorney Anita Reynolds.[7] [Doc. 5, p. 5]. Mr. Spivey, however, already named District Attorney Anita Reynolds as a defendant in the Complaint, so the Court will only discuss the allegations he makes against her in the "Amendments" filing. *See* [Doc. 1, p. 2].

---

[6] The Court pauses to note that it assumes Mr. Spivey is talking about a motion for a protective order as he would not be able to file a "protective order" himself. Orders are documents filed by judges in open and pending cases. Without a pending case, it is unlikely that Defendant Woodford (or one of her deputy clerks—Defendants McGhee and Massengale) would have to accept a "protective order" for filing unless it came from a superior court judge.

[7] Mr. Spivey also mentions individuals by the name of "India Spivey" and "Officer DeFoe" as well as the "Bibb County Commission," but he doesn't include them in the list of defendants he "would like to add." *Compare* [Doc. 5, pp. 2, 4] *with* [Doc. 5, p. 5].

First, Mr. Spivey alleges that some members of "the Spivey family," "Deedra Slaughter, Kresha Taylor, Emmitt Spivey, India Spivey, [and] Dorothy Spivey asked Bibb County Courthouse Clerk"—Defendant Woodford—"not to process [his] protective orders and child legitimation orders" as a way to "harass[] and embarrass" him. [Doc. 5, pp. 2–3, 6–9]. In the Complaint, Mr. Spivey didn't specify what kind of document he was trying to process with respect to "child legitimation." *See, e.g.*, [Doc. 1, p. 4]. In the "Amendments" filing, however, Mr. Spivey clarified that it was "child legitimation orders" that members of his family asked Defendant Woodford not to process. Again, orders—unless they are proposed orders awaiting a judge's signature—must come from judges, not members of the public like Mr. Spivey. *See* n.6, *supra*.

Mr. Spivey also alleges that his family members' participation in an "online racist embarrassment[] of Blacks" is a violation of his constitutional rights. [Doc. 5, pp. 2, 8]. While it's completely unclear what Mr. Spivey is trying to allege here, he claims that "[t]hey have followed [him] and harassed [him] and watched [him] via audio and video and entered [his] property unlawfully." [*Id.* at p. 8]. Each of these things, Mr. Spivey claims "violates [his] constitutional rights." [*Id.*].

When a plaintiff asserts a violation of constitutional rights, such a claim is liberally construed to assert a claim under 42 U.S.C. § 1983. However, to state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United

States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003). Mr. Spivey does not allege that any act or omission by any member of "the Spivey family" was made "under color of state law," and alleged constitutional deprivations require a state actor. *Id.*; *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("[T]he party charged with the [constitutional] deprivation must be a person who may fairly be said to be a state actor."). Given that Deedra Slaughter, Kresha Taylor, Emmitt Spivey, India Spivey, or Dorothy Spivey cannot "fairly be said to be . . . state actor[s]," Mr. Spivey cannot maintain any action against them for some perceived violation of his constitutional rights. *Harvey*, 949 F. 2d at 1130. If Mr. Spivey includes or tries to add a § 1983 claim against Deedra Slaughter, Kresha Taylor, Emmitt Spivey, India Spivey, or Dorothy Spivey in his recast complaint it will be dismissed. Succinctly put, Mr. Spivey should not try to bring a § 1983 claim against members of his family in his recast complaint. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that district courts may deny leave to amend "where the amendment would be futile").

Second, Mr. Spivey claims that David Davis, the Bibb County Sheriff; Officer DeFoe; the Bibb County Commission; and Defendant Reynolds "failed to investigate" the Bibb County Sheriff Department's "failure . . . to process complaint forms about the

Spivey family." [Doc. 5, pp. 2, 4]. This allegation ostensibly provides some context as to *who* Mr. Spivey seeks to sue regarding the "failure to investigate" allegation mentioned in his Complaint. *See* [Doc. 1, p. 4]. As to this allegation, Mr. Spivey claims that "police reports . . . are not being processed" despite David Davis' and Defendant Reynolds' "knowledge of the racist online attack on [B]lacks that the Spivey family [is] participating in[.]" [Doc. 5, pp. 2–3].

      With respect to this amendment, Mr. Spivey should not include these allegations in his recast complaint because a § 1983 claim against Sheriff David Davis, Officer DeFoe, the Bibb County Commission, and Defendant Reynolds predicated on their "failure to investigate" would only prove to be futile. *Bryant*, 252 F.3d at 1163; [Doc. 5, p. 4]. Contrary to Mr. Spivey's belief, he simply doesn't have a right to have his police reports about his family investigated by either the sheriff or the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (concluding that "a private citizen lacks a judicially cognizable interest in the prosecution or [non-prosecution] of another[]"). Simply put, "there is no fundamental right to an investigation" regarding Mr. Spivey's allegations about his family members. *See Merriweather v. Stringer*, No. 2:21-cv-145-MHT-SMD, 2021 WL 6137515, at *6 (M.D. Ala. Dec. 9, 2021) (citing cases). Thus, Eleventh Amendment and prosecutorial immunity concerns aside, Mr. Spivey can't maintain a § 1983 claim nor should he assert such a claim in his recast complaint against Sheriff David Davis, Officer DeFoe, the Bibb County Commission, or Defendant

Reynolds based on their alleged failure to investigate or process his police reports. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (discussing Eleventh Amendment); *Alden v. Maine*, 527 U.S. 706, 716–21 (1999) (same); *See Imbler v. Pachtman*, 424 U.S. 409, 418 (1976) (discussing prosecutorial immunity); *Burns v. Reed*, 500 U.S. 478, 485–86 (1991) (same). Accordingly, Defendant Reynolds may be **TERMINATED** as a party to this action.

### 3.   Objections and Amendments [Doc. 6]

In the filing entitled "Objections and Amendments," Mr. Spivey reasserts allegations against Defendant Woodford and his family. [Doc. 6, pp. 1–2]. However, because the Court has already held that Mr. Spivey cannot bring a § 1983 claim against members of his family, it will only focus on the allegations made against Defendant Woodford.

Via the "Objections and Amendments" filing, Mr. Spivey claims that Defendant Woodford failed to process a habeas petition, failed to process his "child legitimation request," and "refused to allow the complaint process against Denise McGhee[]"— Defendant McGhee in this case.[8] [Doc. 6, p. 3]. Mr. Spivey may include this additional factual information with respect to Defendant Woodford. However, he must include it

---

[8] Mr. Spivey also states that "these judges are not immune since they were not in their official capacity when the protective orders were not properly processed and procedured [*sic*]." [Doc. 6, p. 3]. Mr. Spivey, however, hasn't named a single judge as a defendant in any of the three relevant filings discussed in this Order.

as well as any other factual allegations he wishes to make against Defendant Woodford, McGhee, and Massengale in his recast complaint.

**C.** <u>**Order to Recast**</u>

For this case to proceed, Mr. Spivey must file a document entitled "Recast Complaint." This document *must* clearly outline his claims against Defendants Woodford, McGhee, and Massengale. To fully comply with this **ORDER**, Mr. Spivey must clearly list each defendant (Woodford, McGhee, and Massengale) and then, under each name, list numbered responses to these specific questions.

(1) What did this defendant do (or not do) to violate your rights?
(2) When and where did each action occur (to the extent memory allows)?
(3) How were you injured as a result of this defendant's actions or decisions?
(4) What relief do you seek as to this defendant?

In other words, Mr. Spivey's recast complaint must "specify which defendants were responsible for each alleged act or omission and which defendants correspond to each claim." *Wells v. Royal Caribbean Int'l Cruises Ltd.*, No. 20-13378, 2021 WL 3047173, at *1 (11th Cir. July 20, 2021). Mr. Spivey should state his claims as simply as possible and need not use formal language or legalese, nor is he required to cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

If, after this <u>***final***</u> opportunity to recast his claims, Mr. Spivey submits another pleading that is "replete with factual allegations that [do] not correspond to any claims for relief[]" or fails to tell "which of the defendants [a] claim is brought against," the Court will not hesitate to dismiss it as an impermissible shotgun pleading or for failure

to obey a court order. *See Wells*, 2021 WL 3047173, at *2 (first quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) and then quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)) ("A so-called shotgun complaint violates Rule 8 because it 'fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests' and 'waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on . . . court dockets, and undermine[s] the public's respect for the courts.'"); Fed. R. Civ. P. 41(b).

### D.   <u>Possible Sanctions</u>

As discussed in this Order, the Court has time and time again instructed Mr. Spivey on how to draft pleadings that are sufficient to satisfy the pleading standards outlined by the Federal Rules of Civil Procedure and the law of the Eleventh Circuit. Despite this, Mr. Spivey has "often . . . failed to comply with court rules and procedures." *Procup v. Strickland*, 792 F.2d 1069, 1070 (11th Cir. 1986) (en banc). Should Mr. Spivey continue to submit complaints in direct contravention of the Court's instructions and guidance and continue to "ignore[] repeated warnings and admonitions" from the Court, it will consider the possible imposition of sanctions. *Id.* These sanctions may include, but are not limited to, (1) an injunction prohibiting the filing of any new action without first obtaining leave of the court; (2) an injunction directing the Clerk of Court to mark any papers submitted by Mr. Spivey as "Received"

but not to file them unless and until a judge approves them for filing; (3) an injunction ordering that all pleadings be sent to a judge for prefiling approval; and/or (4) an injunction that all motions or papers (other than notices of appeal or motions to proceed *in forma pauperis* on appeal) filed in previously dismissed cases be docketed as notices of filings rather than motions. *See Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010) (citations omitted).

The Court strongly suggests that Mr. Spivey read Federal Rule of Civil Procedure 11 in its entirety should he seek to file additional lawsuits. This sanctions warning is not intended to deter Mr. Spivey from filing lawsuits that are warranted by existing law. Instead, this sanctions warning is only given to urge Mr. Spivey to comply with the Federal Rules of Civil Procedure when drafting his complaints. Mr. Spivey's sloppily written, conclusory, and factually disconnected complaints will not cut it.

### E.    Conclusion

The Court has been more than patient with Mr. Spivey, but it will extend one final opportunity to him so that he may streamline his claims against Defendants Erica Woodford, Denise McGhee, and Massengale into a single document. Mr. Spivey should structure his recast complaint like the one he provided to the Court in *Spivey v. Humprey*. *See* Recast Complaint, *Humphrey*, No. 5:21-cv-00467-TES (M.D. Ga. Jan. 27, 2022), ECF No. 5. Again, all the Court asks of Mr. Spivey is that below each defendant's name, he simply answer the four questions listed above.

Mr. Spivey shall have until ***Monday, May 2, 2022***, to file his recast complaint.

Failure to timely and completely follow the detailed instructions in this Order will

result in the immediate dismissal of this action. Mr. Spivey will not be given any

additional opportunities to remedy his pleading deficiencies.

Service shall not issue until further order from the Court.

**SO ORDERED**, this 19th day of April, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**